BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE WEST COAST BAKERY FLOUR ) 
ANTITRUST LITIGATION ) DOCKET NO. 146

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

  This litigation consists of two treble damage antitrust actions, one in the Northern District of California and the other in the Western District of Washington, against several flour milling companies. Plaintiffs are commercial bakeries which purchased flour from the defendants. Several of the defendants move the Panel for an order transferring the California action to the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Plaintiffs and a defendant only in the California action oppose transfer of that action to Washington. We find that these actions involve common questions of fact and that transfer of the California action to the Western District of Washington will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

  The parties opposed to transfer argue that the actions do not raise common questions of fact because the plaintiff bakeries have widely varying operations. They also contend that transfer of the California action would contravene the purposes

---

 * Although Judge Lord was not present at the hearing, he has, with the consent of all parties, participated in this decision.

of Section 4 of the Clayton Act, which allows victims of price-fixing conspiracies to sue in any district where a defendant resides or is found or has an agent.  In addition, the California plaintiff especially stresses that its action contains counterclaim issues which are totally unrelated to the Washington action and that the inconvenience of transfer could be fatal to the company in view of its present bankruptcy proceedings.

These arguments are not persuasive.  Four of the defendants have pleaded nolo contendere to charges of conspiring to fix prices and the complaints in both treble damage actions track the language of the criminal indictments and contain allegations of the same price-fixing scheme.  Thus, the actions clearly contain common questions of fact and transfer is necessary to prevent needless duplication of discovery.  We also note that similar motions have been filed in both districts concerning the impoundment of grand jury documents located in Washington State.  Transfer to a single district, therefore, has the salutary effect of eliminating the possibility of inconsistent or conflicting pretrial rulings.

The contention that there is an inherent conflict between 28 U.S.C. §1407 and Section 4 of the Clayton Act is also without merit because a Section 1407 transfer is for coordinated or consolidated <u>pretrial</u> proceedings only and trial of that action will take place in California.  In addition, the counterclaim issues in the California action, involving the effect of prior bankruptcy proceedings on the California plaintiff's standing

to sue for antitrust damages, are purely legal in nature and can be easily resolved by the transferee judge.

The Western District of Washington is the most appropriate transferee forum because it is the center of gravity of this litigation. The original criminal proceedings took place there, and the majority of relevant documents and witnesses are located in that district or immediately adjacent areas. In addition, all parties agree that the Washington action has progressed much further in pretrial proceedings than the California action.

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A pending in the Northern District of California be, and the same hereby is, transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable George H. Boldt for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action already pending there and listed on Schedule A.

DOCKET NO. 146                                          SCHEDULE A

### NORTHERN DISTRICT OF CALIFORNIA

Larraburu Bros., Inc. v. Colorado              Civil Action
Milling & Elevator Co., et al.                 No. C-73-673-SW

### WESTERN DISTRICT OF WASHINGTON

American Bakeries Company v. Fisher            Civil Action
Companies, Inc., et al.                        No. 185-73C2